UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:09CR449-001 |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| ANTHONY GILL, | ) | |
| | ) | **ORDER** |
| Defendant(s). | ) | |
| | ) | |

On October 14, 2009, a one count Indictment was filed against the Defendant, alleging a violation of 18 U.S.C. § 2113(a), Unarmed Bank Robbery.

On October 23, 2009, counsel for Defendant filed a "Motion for Competency Evaluation and Hearing" (ECF. Doc. 10).  The Court found Defendant's motion well-taken and with no objection from the Government, the Court granted Defendant's motion and the Defendant was remanded to the custody of the Attorney General pursuant to 18 U.S.C. 4241(b) for psychiatric or psychological examination.  The Defendant was formally designated to the Metropolitan Correctional Center in Chicago, Illinois on November 5, 2009  and examined by Ron Nieberding, Ph.D., Licensed Clinical Psychologist.

An In Chambers Conference[1] was held regarding the results of the examination and the report issued by Dr. Nieberding.  Counsel for the Government and counsel for

---

[1] Review of the Report and findings of the Court electronically recorded via Court Reporter on 12/18/2009.

the Defendant were present.

Dr. Nieberding reports,

> *"Given the defendant's unwillingness and or his compromised ability to actively participate in the evaluation process, it is difficult to provide a definitive opinion regarding his current trial competency related abilities.  Based on recent observations, however, it is quite likely that Mr. Gill's mental condition has been deteriorating over the past several months, largely due to his medication non-compliance.  As a result of this apparent mental disease (pychotic disorder), serious questions exist regarding the Defendant's current ability to proceed with the process of criminal adjudication at the present time."*

The Court and counsel agree that unless the Defendant is referred for inpatient treatment with medication, he will not prove fit to stand trial, i.e., assist in his own defense and understand the nature and extent of the proceedings against him.

Therefore, pursuant to 18 U.S.C. § 4241(d),

> If after the Court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the Court shall commit the defendant to the custody of the Attorney General.  The Attorney General shall hospitalize the defendant for treatment in a suitable facility--

Therefore, it is

ORDERED that inpatient treatment shall be conducted pursuant to 18 U.S.C.§ 4241(d) and shall be completed no later than March 18, 2010;

FURTHER ORDERED that inpatient treatment shall include all reasonable measures to force medication compliance;

FURTHER ORDERED that a report of the inpatient treatment of the Defendant shall be submitted to the Court and served on counsel of record (Assistant United States Attorney Joseph Schmitz, 801 West Superior Avenue, Suite 400, Cleveland, Ohio 44113 and Attorney for Defendant, Debra Hughes, Office of the Federal Public Defender, 700 Akron Center Plaza, 50 South Main Street, Akron, OH 44308) pursuant to 18 U.S.C. § 4241(b) with provisions under 18 U.S.C. 4247(b) and (c).

FURTHER ORDERED that should the examiner(s) need additional time to complete their examination of the Defendant, they shall file a motion with the Court showing good cause why the additional time is necessary to observe and evaluate the Defendant according to 18 U.S.C. § 4247(b);

FURTHER ORDERED that, unless impracticable, the U.S. Marshals shall forthwith make appropriate arrangements to have the Defendant transferred, under the custody of the Attorney General, for placement in a Federal Medical Center (FMC) or facility closest to this Court. Otherwise, Defendant is referred to FMC Butner, Federal Medical Center, P.O. Box 1600, Butner, NC 27509, where such examination of the Defendant shall be conducted;

FURTHER ORDERED that a hearing shall be scheduled in this matter after the results of the Defendant's examination have been submitted to the Court and counsel;

3

FURTHER ORDERED that the Defendant shall continue to receive, while in federal custody, all necessary medications and injections currently prescribed to him; and,

FURTHER ORDERED that all pending hearings and deadlines are held in abeyance until further order of the Court.

IT IS SO ORDERED.

s/Christopher A. Boyko
Christopher A. Boyko
United States District Judge

December 18, 2009